# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CORNELIUS DAVIS,                )<br>                                 )<br>            Plaintiff,           )<br>                                 )<br>       v.                        )       No. 4:05CV1347(FRB)<br>                                 )<br>GENE STUBBLEFIELD,               )<br>                                 )<br>            Defendants.          ) | |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Cornelius Davis (registration no. 133916), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #1].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $19.94, and an average monthly account balance of $5.07. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.99, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Gene Stubblefield, Superintendent of the SLCJC, is named as the sole defendant. Although plaintiff is confined at the SLCJC it is not clear whether plaintiff is a pre-trial detainee or a convicted person. Plaintiff alleges: (1) that he has been denied adequate access to a law library; (2) that he is not given adequate time in the dining hall to eat his meals; (3) that he is not given adequate time to exercise in the gym; (4) that he is denied the opportunity to practice his religion; and (5) that Christians services are held five days a week while Muslim services are held only once per week.

**Discussion**

Plaintiff's claims against defendant Stubblefield regarding the denial of adequate time to dine, to exercise, to engage in religious practices and plaintiff's claim that policies favor Christians over Muslims survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Stubblefield reply to these claims.

3

Plaintiff's claim concerning adequate access to a law library, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to allege any facts indicating that the limitations on his access to the library caused him to suffer actual prejudice to a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.99 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Stubblefield.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Stubblefield shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 18TH day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**